UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DOROTHY BAILEY,

    Defendant.

Case No. 3:22-cr-124-4

District Judge Michael J. Newman

---

**ORDER DENYING DEFENDANT DOROTHY BAILEY'S ("BAILEY") MOTION TO SEVER COUNTS (Doc. No. 67)**

---

This criminal case is before the Court on Defendant Dorothy Bailey's ("Bailey") pending motion to sever. Doc No. 67. Bailey was charged, along with three others, in an eight-count Indictment. Doc. No. 29. Counts 1 and 8 respectively charge her with conspiracy to commit Supplemental Nutrition Assistance Program ("SNAP") fraud, 18 U.S.C. § 371, and aggravated identity theft, 18 U.S.C. § 1028A(a)(1). *Id.* at PageID 194, 202. Bailey moves to sever these counts (Doc. No. 67), and the Government has responded (Doc. No. 81). Bailey did not submit a reply brief, so this matter is ripe for review. For the reasons that follow, the Court denies her motion.

## I.     BACKGROUND

Count 1 of the indictment currently pending against Bailey charges her with conspiring with her three co-defendants to commit SNAP fraud by illegally acquiring, possessing, using, and trafficking SNAP benefits, in violation of 18 U.S.C. § 371. Doc. No. 29 at PageID 194, 196–97. Count 8 charges Bailey and her co-defendants with engaging in aggravated identity theft by possessing another person's Ohio Direction SNAP EBT access device ("SNAP card"), which is considered a form of identification, in violation of 18 U.S.C. § 1028A(a)(1). *Id.* at PageID 202.

Counts 2, 3, and 4 charge Bailey's co-defendants with SNAP fraud. *Id.* at PageID 199–200. Count 5 charges the co-defendants with conspiracy to possess with the intent to distribute drugs. *Id.* at PageID 200–01. Counts 6 and 7 charge two of the co-defendants with maintaining a drug-involved premises. *Id.* at PageID 201–02. As will be explained below, *see* discussion *supra* Section III.A, it is necessary in this case to consider information in the complaint. The complaint alleges that at least some of the Defendants traded drugs in exchange for both cash and SNAP cards. Doc. No. 1 at PageID 6, 10–11, 17, 22. It further alleges that at least some of the Defendants then used SNAP cards that did not belong to them for various purchases. *Id.* at PageID 7–8, 12–13, 16, 18–21.

Bailey now moves to sever "the class of theft counts that she is allegedly connected to, from the class of drug counts that she is unconnected to[.]" Doc. No. 67 at PageID 307. She argues that "joinder of the two separate class[es] of counts and Defendants is improper under [Fed. R. Crim. P.] 8(b)." *Id.* at PageID 303. Alternatively, Bailey argues that even if properly joined, the Court should sever her charges from the other defendants,[1] pursuant to Fed. R. Crim. P. 14(a), because of the potential prejudice she would face. *Id.* at PageID 302–04. The Government responds that severance is unnecessary pursuant to Fed. R. Crim. P. 8(b) or 14(a). Doc. No. 81 at PageID 340–41.

## II. LEGAL STANDARD

Fed. R. Crim. P. 8(a) concerns "Joinder of Offenses" and Fed. R. Crim. P. 8(b) concerns "Joinder of Defendants." While the Sixth Circuit has "left . . . open" the issue of which section of Rule 8 applies in cases with multiple defendants and multiple charges, *United States v. Abegunde*, 841 F. App'x 867, 872 (6th Cir. 2021), "courts have held that Rule 8(a) applies only to a

---

[1] Rather than proceed to trial, one co-defendant, Kelli Sheppard, has pled guilty. *See* Doc. Nos. 75 and 84. Another co-defendant, Danielle N. Collins, has indicated an intent to plead guilty. Doc. Nos. 90, 92.

prosecution of a single defendant, and that Rule 8(b) applies exclusively whenever multiple defendants are involved, even if a defendant is contesting only the joinder of counts against himself." *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997) (citations omitted).

Rule 8(b) permits the joinder of defendants who "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." "The joinder of multiple defendants is proper under Rule 8(b) only if each of the counts of the indictment arises out of the same act or transaction or series of acts or transactions, even if all counts of the indictment include a common defendant." *Frost*, 125 F.3d at 389 (quoting *United States v. Lloyd*, 10 F.3d 1197, 1215 (6th Cir. 1993)); *see also United States v. Johnson*, 763 F.2d 773, 776 (6th Cir. 1985) (defining a "series" as acts that are "logically interrelated, for instance, if the acts or transactions are part of a common scheme or plan" (citations omitted)).

Joint trials are preferred because they "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)). "Rule 8(b) should be construed in favor of joinder," but "failure to meet the requirements of this rule constitutes misjoinder as a matter of law." *United States v. Hatcher*, 680 F.2d 438, 440 (6th Cir. 1982) (citations omitted); *see also, e.g.*, *United States v. Deitz*, 577 F.3d 672, 692 (6th Cir. 2009). Upon finding that misjoinder has occurred, a court has no discretion; "severance is mandatory and failure to sever is error." *Hatcher*, 680 F.2d at 442. Even if a court finds joinder is proper, it may still sever defendants or counts or "any other relief that justice requires" if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). Accordingly, after determining what materials of record the Court may consider, the Court will turn to Rule 8(b) to determine whether

3

joinder is proper, and next turn to Rule 14(a) to determine whether, even if proper, joinder would cause Bailey prejudice.

## III. ANALYSIS

### A. Materials Outside the Indictment

Before determining the propriety of joinder, the Court must first consider what pretrial documents may be considered when analyzing whether joinder is proper. While the Sixth Circuit generally "look[s] to the allegations in the indictment to determine whether joinder was proper. . . . [it has] at other times, however, also considered the government's proofs when assessing the propriety of joinder." *United States v. Lewis*, 363 F. App'x 382, 390 (6th Cir. 2010) (citations omitted) (collecting cases); *see, e.g.*, *United States v. Chavis*, 296 F.3d 450, 458 (6th Cir. 2002) (stating "it is the face of the indictment on which we must focus in deciding whether the charges were properly joined[;]" while also stating "[t]here is no indication in the indictment *or elsewhere in the record* that Chavis possessed or used any weapons" (emphasis added) (quoting *United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995))); *Hatcher*, 680 F.2d at 441 ("In the present case[,] the indictment on its face alleges no connection between Manetas and the cocaine-related charges against Hatcher. Neither does the record reveal any evidence of such a connection"). Moreover, "[t]here . . . is an absence of harmony [between the circuits] on whether courts may consider information beyond the indictment in determining whether joinder of defendants is proper under Rule 8(b)." *United States v. Condon*, No. 3:14-cr-30083-01-02, 2014 WL 6694782, at *3 (D.S.D. Nov. 26, 2014) (explaining that the Second and Seventh Circuits do not permit courts to look outside the indictment while the Third, Eleventh, and D.C. Circuits permit trial courts to examine, to varying extents, other pretrial documents).[2]

---

[2] *See United States v. Rittweger*, 524 F.3d 171, 178 (2d Cir. 2008) (Sotomayor, J.) ("Under the plain language of Rule 8(b), the decision to join parties turns on what is 'alleged' in the 'indictment.' Events that transpire at trial are thus not relevant to the Rule 8(b) inquiry" (citations omitted)); *United States v.*

Because joint trials are preferred, *see Zafiro*, 506 U.S. at 537; because the Sixth and other Circuits have looked to materials outside of the indictment, *see Lewis*, 363 F. App'x at 390; and because the indictment on its face does not connect the SNAP fraud and drug charges, *see* discussion *infra* Section III.B; the Court finds it necessary in this case to review the complaint to resolve the inquiry that the indictment leaves open.

### B. Fed. R. Crim. P. 8(b) Joinder

Beginning with the indictment's allegations, Bailey is charged with conspiracy to commit SNAP fraud and aggravated identity theft. Doc. No. 29 at PageID 196, 202. Joinder of those offenses is logical because "[j]oinder is permissible in a conspiracy count and *substantive counts arising out of the conspiracy* because the fundamental principle of a conspiracy charge is the agreement to a common plan or scheme to perpetrate some illegal activity." *United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006) (emphasis added)). Here, Bailey's aggravated identity theft charge arose out of the conspiracy to commit SNAP fraud charge. *See* Doc. No. 29 at PageID 202 ("[D]efendants . . . knowingly possess[ed] one or more [SNAP cards] of another person, which is considered a means of identification").

Moreover, while she is not charged in counts 2–4, her co-defendants' charges for SNAP fraud are "logically interrelated" to her conspiracy to commit SNAP fraud charge. *See United States v. Redd*, 29 F. App'x 290, 297 (6th Cir. 2002) ("Most of the substantive counts against [the]

---

*Marzano*, 160 F.3d 399, 401 (7th Cir. 1998) ("Notice the reference to allegation; the test is what the indictment charges, not what the evidence shows" (citations omitted)); *but see United States v. McGill*, 964 F.2d 222, 242 (3d Cir. 1992) ("Trial judges may look beyond the face of the indictment to determine proper joinder in limited circumstances. Where representations made in pretrial documents other than the indictment clarify factual connections between the counts, reference to those documents is permitted" (citations omitted)); *United States v. Dominguez*, 226 F.3d 1235, 1241 (11th Cir. 2000) ("[T]he indictment[]only rule . . . is not applicable to situations when the evidence proffered by the government before trial or adduced during trial shows that initial joinder was proper even though the indictment may not have explicitly stated the connection between the charges" (emphasis deleted)); *United States v. Wilson*, 26 F.3d 142, 153 (D.C. Cir. 1994) ("In determining whether joinder of multiple defendants in a single prosecution is proper, this circuit permits a trial court to consult the indictment as well as any other pretrial evidence offered by the government" (citations omitted)).

co-defendants were identical to certain overt acts of the conspiracy that were charged against [the instant defendant]"); *Kelley*, 461 F.3d at 830 ("Rule 8(b) codifies the long-standing practice of trying conspirators together[]" (quoting *United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985))). The instant indictment does not, on its face, indicate a connection between the SNAP fraud charges and counts 5–7, which allege that the other three Defendants committed drug crimes. *See* Doc. No. 29 at PageID 196; *Chavis*, 296 F.3d at 458 ("The indictment did not allege that [the defendant's] illegal acquisition of the firearms was related to drug activity in any way"). However, the Court finds that the complaint (Doc. No. 1) establishes "a common thread of an overarching criminal scheme connecting these two crimes." *Chavis*, 296 F.3d at 458.

The complaint presents evidence that at least some Defendants in this case allegedly accepted SNAP cards in exchange for the drugs they allegedly distributed. Doc. No. 1 at PageID 6, 10–11, 17, 22. The complaint also contains photos that allegedly show some Defendants using SNAP cards that are not in their names for various purchases. *Id.* at PageID 7–8, 12–13, 16, 18–21. Because proving the drug conspiracy charges will require the Government to prove that Defendants accepted SNAP cards in exchange for drugs, the indictment's SNAP fraud and drug charges "are logically interrelated and involve overlapping proof[,]" and are, accordingly, properly joined. *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987) (citing *Johnson*, 763 F.2d at 776) (finding interrelation where racketeering charge involved interstate travel to further drug trafficking). While the Government does not charge Bailey with any drug crimes, nor is she listed in the complaint, joinder is proper because the Government alleges in the indictment that she participated in the larger conspiracy. *See Abegunde*, 841 F. App'x at 873 (stating that joinder is proper where some co-defendants are charged with additional crimes that were "perpetrated . . . through the overarching conspiracy" (citing *Johnson*, 763 F.2d at 776)).

Additionally, joinder is warranted under Rule 8(b) to promote judicial economy. *Johnson*,

763 F.2d at 776 ("Rule 8(b) should be construed to favor joinder in order to promote judicial economy" (first citing *Hatcher*, 680 F.2d at 440; and then citing *United States v. Franks*, 511 F.2d 25, 28–29 (6th Cir. 1975))). Severance of the charges would require both the Government and at least some of the defendants to undergo two separate trials, first for the SNAP fraud charges and then for the drug charges. "Forcing the [parties] to prove these overlapping facts again and again in multiple trials would only cause the sort of unnecessary expense, inconvenience, and delay that joinder is meant to avoid." *United States v. Ledbetter*, 929 F.3d 338, 346 (6th Cir. 2019) (citing *United States v. Lane*, 474 U.S. 438, 449 (1986)).

Accordingly, because the charges in the indictment are inter-related and will involve overlapping evidence and because it will advance judicial economy, joinder is proper here. *See Swift*, 809 F.2d at 322 ("[B]ecause all of the counts were related and involved many of the same elements of proof, and because joinder advanced judicial economy, the joinder was appropriate").

### C.  Fed. R. Crim. P. 14(a) Prejudicial Joinder

The Court finds that Bailey has not alleged sufficient prejudice to merit severing this properly joined case. Because "Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials,'" *Zafiro*, 506 U.S. at 540 (quoting *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968)), "a district court should grant a severance under Rule 14 [to properly joined parties] only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Gardiner*, 463 F.3d 445, 447 (6th Cir. 2006) (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)).

Bailey maintains—without identifying any specific concerns—that she will face prejudice

sitting through a trial involving both the SNAP fraud and drug charges because she was allegedly involved only in the fraud charges. Doc. No. 67 at PageID 304–06. However, "generalized concerns that are inherent in joint trials . . . fall short of compelling prejudice[.]" *Ledbetter*, 929 F.3d at 346 (citations omitted). "Merely because inflammatory evidence is admitted against one defendant, not directly involving another co[-]defendant (and with which the other is not charged) does not, in and of itself, show substantial prejudice in the latter's trial." *United States v. Gallo*, 763 F.2d 1504, 1525 (6th Cir. 1985) (citing *United States v. Scaife*, 749 F.2d 338, 345 (6th Cir. 1984)). Bailey's generalized concern that sitting through trial on both the drug conspiracy and SNAP fraud charges will prejudice her because the Government does not allege she committed drug crimes (Doc. No. 67 at PageID 306) is not enough "to make the strong showing required" to sever her from her co-defendants. *Gallo*, 763 F.2d at 1526.

Moreover, any potential prejudice Bailey would endure in a joint trial could be effectively mitigated by a limiting instruction. *United States v. Ross*, 703 F.3d 856, 884 (6th Cir. 2012) ("Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice'" (quoting *Zafiro*, 506 U.S. at 539)). A limiting instruction will adequately curtail any prejudice here because "[a] request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants. . . . [and] the present case is not one of such complexity that the jury could not compartmentalize the evidence." *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987). Bailey has not shown that this case is complex enough to prevent a jury from distinguishing between the evidence adduced for each charge. *See Abegunde*, 841 F. App'x at 874 (affirming denial of a severance motion where the defendant "failed to offer compelling examples of how the Government's evidence may have misled the jury" and the district court gave a limiting instruction). Given the availability of limiting instructions during trial, any small amount of prejudice to Bailey, if it exists,

"does not outweigh 'society's need for speedy and efficient trials.'" *Swift*, 809 F.2d at 323 (quoting *Gallo*, 763 F.2d at 1525).

## IV. CONCLUSION

For the aforementioned reasons, the Court **DENIES** Bailey's motion to sever. Doc. No. 67.

**IT IS SO ORDERED.**

 May 4, 2023          s/Michael J. Newman
                   Hon. Michael J. Newman
                   United States District Judge